DAVIS, appellant, *v.* GERMAINE, respondent.

AGREEMENT — *objections not regarded without a statement.* This court will not regard objections that a verdict is against law and evidence, if there is no settled statement.

PRACTICE — *objection not considered without an exception.* This court will not consider an objection that oral instructions were given to the jury contrary to the statute, if no exception was properly taken at the time.

AGREEMENT — *waiver of condition.* An agreement cannot be rescinded by the failure of a party to perform a condition which has been waived.

*Appeal from the Third District, Lewis and Clarke County.*

DAVIS filed his amended complaint in the district court, on October 13, 1869, and demanded judgment against Germaine for $5,000, and interest for money loaned and advanced under a contract. The complaint alleged that the times, when this money was to be loaned and advanced under the written contract, were changed and altered at the special request of defendant. The defendant answered in March, 1870, and denied that the times referred to in the contract were altered at his request, and alleged that, under the contract, the money sued for was not due until eighteen months after June 9, 1869.

The cause was tried in March, 1870, and the jury returned a verdict for the defendant. The court, SYMES, J., gave written and oral instructions to the jury. At the sixth session of the legislative assembly, which was concluded on January 7, 1870, a law was passed which required instructions in the trial of any cause to be in writing. No attorney called the attention of the court to this law, and no exception was taken to the action of the court in charging the jury orally.

The plaintiff's motion for a new trial was refused by the court, SYMES, J., and plaintiff appealed.

CHUMASERO & CHADWICK, for appellant.

The court erred in giving the oral and written instructions to the jury. 2 Pars. on Cont. 184–186.

The oral instructions were so given in violation of the statutes of the Territory.

The verdict is contrary to law and evidence.

WOOLFOLK & TOOLE, for respondent.

Appellant is limited to the grounds set forth in the motion for a new trial. *McCloud* v. *O'Neall*, 16 Cal. 392 ; *Pierce* v. *Jackson*, 21 id. 636.

The written instructions are not assigned as error in that motion. The alleged error of the court, in charging the jury orally, was not saved by exception. *More* v. *Del Valle*, 28 Cal. 174. Unless so saved, it is not available on motion for a new trial. *Letter* v. *Putney*, 7 Cal. 423 ; *People* v. *Ah Fong*, 12 id. 345 ; *McCartney* v. *Fitz Henry*, 16 id. 184 ; *Hicks* v. *Coleman*, 25 id. 146.

It is questionable if the statute requires the instructions to be in writing.

The oral charge was correct. 2 Pars. on Cont. 672, 673 ; *California* v. *McCauley*, 15 Cal. 429.

If erroneous, the appellant could not be injured by it. 3 Estee's Pl. 740.

WARREN, C. J. The grounds of the motion for a new trial in this cause were, 1. Insufficiency of the evidence to justify the verdict, and that it is against law. There is no statement settled as required by law, and hence we cannot consider the objection. 2. That the court instructed the jury orally. If this be a fact, it has not been properly preserved by exception taken at the time, and is not presented in the record. 3. That the said oral instruction is erroneous, and misled the jury.

The complaint sets out a written agreement between the parties, and avers a subsequent modification of its terms, made at the instance of defendant, and alleges the performance of the contract on his part, and failure on the part of defendant. The answer, in effect, admits the execution of the agreement and its subsequent alteration, but denies, simply, that such alteration was made at defendant's request; avers performance by himself, and failure on the

part of plaintiff to perform the agreement. The contract being an entire one, the only issue presented was, as to the compliance of the respective parties with the terms of their agreement as finally made and acted on; and the court for failure of defendant to comply with the condition properly instructed the jury, in substance, that, if the plaintiff waived the terms of the agreement in the particular mentioned, he could not afterward rescind the contract for failure of defendant to comply with the condition waived. 4. That the instructions given at the request of defendant are erroneous.

We see no error, in the instructions given, sufficient to disturb the verdict.

The judgment is affirmed.

*Exceptions overruled.*

KNOWLES, J., dissented.